On the Merits.
Thirty-one taxpayers complain of an ordinance adopted by the city council of the town of Mansfield and ask that it be declared illegal.
The purpose of the ordinance was to extend the lines of the town so as to embrace additional territory recently surveyed and measuring about 300 acres.
The additional territory it is proposed to annex is referred to in the testimony as the Jackson subdivision and the Tull subdivision of the town.
On appeal, seven of the original number by whom the suit was brought filed an application to dismiss the appeal in so far as they were concerned.
Plaintiffs’ grounds are that the mayor and the board of aldermen were absolutely without authority to add to the territory of the town or to change its limits.
The town of Mansfield denies that there is any illegality in matter of this ordinance and in the project to annex additional territory to the town.
Evidence was introduced by plaintiffs to prove that the extension was unreasonable, and the defendant, on the part of the defense, examined a number of witnesses to prove that, on the contrary, it was entirely reasonable.
Maps, deeds, and other documents were introduced in evidence.
The ordinance assailed as unconstitutional was adopted on the 11th day of February, 1911.
The judge of the district court rendered judgment canceling and setting aside the ordinance.
The questions are:
Whether the act before mentioned — that is, the Lawrason act — governs and sustains the ordinance.
Second. Whether the ordinance is or is not unreasonable.
[3] The contention in the first place is that the Lawrason act is without application because the present charter of the town, amending the original charter, was adopted four years after the date of the Lawrason act.
It remains — the answer to this is — that, although this amending act of 1902 (Act No. 186) fixed the territorial limits of the municipality, it did not undertake to repeal that part of the general law known as the Lawrason act, which confers on municipalities the right to extend their limits.
The subsequent law did not repeal the prior general law either expressly or by implication.
This court has decided, in regard to the Lawrason act, that its purpose was to deal with existing municipalities as well as those thereafter created. Browne v. Town of Providence, 114 La. 638, 38 South. 478.
The question -resolves itself into whether we shall overrule the Browne v. Providence Case which is cited.
It, beyond doubt, directly passes upon the question.
The only difference suggested between the two, the present case and the cited case, is that, in the cited ease, the taxpayers of the town of Providence remained silent and only repaired to the courts after the taxpayers were called upon to pay their taxes. It was only then that the question was brought before the court by injunction to prevent the payment of the taxes.
Slightly different, in the present case, the taxpayers were active in resisting the ordinance from the first and applied to the courts for relief.
But, there is no appreciable difference between the two.
The silence mentioned on the part of the *677 taxpayers of the town of Providence was not an acquiescence; they lost none of their rights by waiting.
On the other hand, the taxpayers of Mansfield did not gain any advantage in law by hastening to attack the ordinance.
Really, the two decisions are on the same plane; they are absolutely similar.
We are not inclined to overrule the decided case just cited.
The next question for discussion and decision is whether the ordinance is reasonable or unreasonable.
This opens a broad field for litigation and debate.
But only cities, towns, and villages should, through their local boards, settle among themselves differences such as here presented to the extent possible.
The question is at least quasi legislative.
Unless it is proven beyond all doubt that an error has been committed, courts should not be prone to disturb existing conditions. They cannot very well go into the details about the alimony of a municipality, nor can they determine, with any degree of certainty, whether the territory taken in will be self-sustaining or not.
The testimony is about equally divided.
Some of the witnesses of plaintiffs did not seem to be so much opposed to the extension as they were to the direction of the lines of the extension.
As we infer, if the lines had been prolonged in another direction where property had greater value, there would not have been the same objection.
[4] The law has given this court jurisdiction to decide in matter of these extensions; that is, decide whether the extension proposed was reasonable or unreasonable.
“Unreasonable” is a word of extensive and broad meaning.
The evidence of unreasonableness is not always as persuasive as one may be inclined to think at first blush.
At any rate, in order to characterize the measure of a body as unreasonable, it must be made to appear by abundant evidence that it is unreasonable.
Our learned brother of the district court decided for plaintiffs, but did not state if he so decided because he thought that the extension was unreasonable. The judgment is silent upon the subject. He granted the plaintiffs’ demand, and that was all.
We have concluded not to affirm the judgment.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiffs’ demand be dismissed at their costs in both courts.